# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG,<br><br>  Plaintiffs,<br>   vs.<br>MUSSARI MOTORS, INC.,<br><br>  Defendant. | CASE NO. 09cv1202-WQH-AJB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Reimbursement of Attorneys' Fees and Costs filed by Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG. (Doc. # 15).

**I.  Background**

On June 3, 2009, Plaintiffs initiated this action by filing the Complaint in this Court. (Doc. # 1). The Complaint alleges claims for trademark infringement and unfair competition pursuant to the Lanham Act and California law. The Complaint seeks damages, injunctive relief and attorneys' fees and costs.

On August 31, 2009, the Clerk of the Court entered default as to Defendant. (Doc. # 8).

On November 3, 2009, Plaintiffs filed a Motion for Default Judgment. (Doc. # 10). Plaintiffs moved the Court for entry of a permanent injunction and an award of attorneys' fees and costs. Plaintiffs did not move for an award of damages.

Defendant did not file a response to the Motion for Default Judgment.

On December 22, 2009, the Court granted the Motion for Default Judgment (Doc. # 12),

1  and entered Judgment against Defendant (Doc. # 14).  The Court permanently enjoined
2  Defendant from using Plaintiffs' "roundel logo" and ordered that "Plaintiffs shall be
3  reimbursed, pursuant to Lanham Act § 35, 15 U.S.C. § 1117(a), their reasonable attorneys' fees
4  and costs incurred in this action."  (Doc. # 14 at 2).

5  On January 20, 2010, Plaintiffs filed the Motion for Reimbursement of Attorneys' Fees
6  and Costs.  (Doc. # 15).  In support of the motion, Plaintiffs submitted an affidavit and
7  exhibits.  The motion contains a certificate of service, indicating that the motion was served
8  upon Defendant.

9  The docket reflects that Defendant has not filed a response to the Motion for
10  Reimbursement of Attorneys' Fees and Costs.

11  **II.   Discussion**

12  Plaintiffs seek their "attorneys' fees and costs arising from its enforcement efforts from
13  August 2008 through November 2009, totaling $14,027.47."  (Doc. # 15 at 6).  According to
14  an affidavit from one of Plaintiffs' attorneys, John G. Froemming, Plaintiffs' outside counsel
15  (consisting of four attorneys and a paralegal) performed 41 hours of work over 16 months in
16  connection with this matter, which was billed at a total of $13,011.25.  (Froemming Decl. ¶
17  12, Doc. # 15-1).  Froemming's affidavit also indicates that Plaintiffs are seeking
18  reimbursement of $1,016.22 in costs associated with this litigation.  (*Id.*)  Plaintiffs do not seek
19  reimbursement for certain Westlaw research costs, for work conducted by Plaintiffs' in-house
20  counsel, or for work conducted by Plaintiffs' attorneys in December 2009 and January 2010
21  in connection with enforcing the Court's Judgment and drafting the Motion for Reimbursement
22  of Attorneys' Fees and Costs.  (Doc. # 15 at 4-5; *see also* Froemming Decl. ¶ 12 n.2, Doc. #
23  15-1).

24  In the December 22, 2009 Order, the Court concluded that Plaintiffs are entitled to
25  reasonable attorneys' fees and costs pursuant to the Lanham Act, 15 U.S.C. § 1117(a).  (Doc.
26  # 12 at 5-6).  The sole remaining issue is whether the amount of fees and costs sought by
27  Plaintiffs is reasonable.

28  "In the Ninth Circuit, the customary method of determining the permissible amount of

attorneys' fees ... is the 'lodestar' method. The lodestar method multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (quotation omitted). "After making [the lodestar] computation, courts then assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of twelve factors." *Id.* (citation omitted). The twelve factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* (citing, *inter alia*, *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). "[O]nly in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." *Id.* (citations omitted).

After reviewing the Motion for Reimbursement of Attorneys' Fees and Costs, the Froemming Declaration, the attached evidence and the record in this case, the Court concludes that Plaintiffs have accurately calculated its requested fees according to the lodestar method, and that the requested hourly rates and the requested amount of hours are reasonable. The Court concludes that the presumptively reasonable lodestar figure of $13,011.25 should not be adjusted on the basis of the twelve factors recited above. Finally, the Court concludes that Plaintiffs' request for reimbursement of $1,016.22 in costs is reasonable and supported by the evidence.

**III.   Conclusion**

IT IS HEREBY ORDERED that the Motion for Reimbursement of Attorneys' Fees and Costs is **GRANTED**. (Doc. # 15). Plaintiffs are entitled to an award of $14,027.47 in attorneys' fees and costs.

DATED: April 9, 2010

                                         **WILLIAM Q. HAYES**
                                         United States District Judge